**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                ACTION NOS. 2:05mj272

JAMES RANDY NELSON,

     Defendant.

<u>O R D E R</u>

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant is both a risk of flight and a danger to the community. At the time the defendant was stopped on

February 3, 2005, the defendant attempted to flee from the law enforcement officer. The officer was able to detain the defendant and obtained several thousand dollars from him, as well as crack cocaine, during the search of the defendant pursuant to arrest.

The Court notes that the defendant was on supervised release for gun and drug charges from the United States District Court of the Eastern District of Virginia at the time of the arrest.

The defendant has a number of traffic convictions, in addition to the federal felony of carrying a firearm during a drug trafficking crime.

The Court notes that the defendant is a lifelong resident of this community and has been employed on the Eastern Shore while on supervised release. He is the father of five children, although he is single. It appears that the defendant would be a risk of flight since he attempted to flee from the law enforcement officer.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

\_\_\_                                   _____/s/_____
                                            Tommy E. Miller
                                      United States Magistrate Judge

Norfolk, Virginia

July 28, 2005