UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Action No. 2:05cr114 |
| | : | |
| **JAMES RANDY NELSON,** | : | |
| Defendant. | : | |

## OPINION AND ORDER

Defendant James Randy Nelson pled guilty to Possession of "Crack" Cocaine with Intent to Distribute and to Possession of "Powder" Cocaine with Intent to Distribute, both in violation of 21 U.S.C. § 841(a)(1). Proper application of the Sentencing Guidelines recommends a custody range of 87 to 108 months. The United States, however, contends that 21 U.S.C. § 841(b)(1)(B) requires Nelson to serve a mandatory minimum sentence of 10 years (120 months) because Nelson's previous firearms conviction constitutes a "felony drug offense" as that term is defined by statute. For the reasons set forth below, the Court agrees with the United States' interpretation of the relevant statutes and will sentence Nelson to imprisonment for a term of 120 months on Count 1 of the Indictment and 120 months on Count 2 of the Indictment, all to be served concurrently.

## **FACTS**

In 1998, the Eastern Shore Drug Task Force received an anonymous tip that Nelson possessed a substantial amount of "crack" cocaine and planned to transport the contraband to another location.  Agents of the Task Force obtained a search warrant for Nelson's vehicle and stopped him to conduct the search.  Upon arrest, Nelson told the agents where to find the drugs as well as a .44 caliber magnum revolver.  A federal grand jury sitting in the Eastern District of Virginia subsequently indicted Nelson.  Count 1 of the Indictment charged Nelson with the possession of "crack" cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a).  Count 2 of the Indictment charged:

> On or about June 4, 1998, near Exmore, in the Eastern District of Virginia, JAMES RANDY NELSON, did unlawfully and knowingly use and carry a firearm, specifically one .44 caliber revolver marked "The Old Firearms Manufacture," **during and in relation to a drug trafficking crime** for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base, commonly known as "crack" cocaine, a Schedule II narcotic controlled substance.
>
> (In violation of Title 18, United States Code, Section 924(c)(1)).

(Emphasis added).

Nelson entered into a Plea Agreement pursuant to which the United States voluntarily dismissed the drug trafficking charge (Count 1).  Nelson pled guilty to Count 2 of the Indictment and was sentenced to 60 months imprisonment and three years of supervised release.

A little less than two years after his release from prison, Nelson was arrested

again, this time for urinating on the wall of a Laundromat. As the arresting officer frisked Nelson for weapons, Nelson struck the officer and attempted to run away. He was quickly apprehended. A search of Nelson's person incident to the arrest led to the discovery of "crack" and "powder" cocaine, as well as $2,522.55 in cash.

Nelson admitted to selling the cocaine and, as stated above, has now pled guilty to two counts charging Nelson with violations of 21 U.S.C. § 841(a)(1). As required by statute, the United States filed an Information and Notice certifying that Nelson had been previously convicted of a felony drug offense and that the conviction is final. See 21 U.S.C. § 851(a)(1).

## ANALYSIS

Title 21 of the United States Code, section 841(b)(1)(B) provides, in relevant part:

> If any person commits such a violation [of section 841(a)] after a prior conviction for a **felony drug offense** has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . .

(Emphasis added). Title 21 of the United States Code, section 802(44) defines:

> [t]he term "**felony drug offense**" [as] an offense that is punishable by imprisonment for more than one year under **any law** of the United States or of a State or foreign country **that prohibits or restricts conduct relating to narcotic drugs**, marihuana, anabolic steroids, or depressant or stimulant substances.

(Emphasis added). The dispositive issue in Nelson's sentencing is whether his previous firearms conviction was for an offense that "prohibits or restricts conduct

relating to narcotic drugs."[1]  No reported case has answered this question.

The statute under which defendant previously was convicted, 18 U.S.C. § 924(c)(1)(A), states, in relevant part:

> [A]ny person who, **during and in relation to any** crime of violence or **drug trafficking crime** . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or **who, in furtherance of any such crime**, possesses a firearm, shall, in addition to the punishment provided for such crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

As the language of the statute makes clear, Nelson was not convicted of a simple firearms offense.  In order to obtain a conviction, the United States had to offer proof that defendant Nelson used or carried the firearm "during and in relation to any . . . drug trafficking crime."  It is the relationship between the gun and drug trafficking that criminalizes the gun's use or possession.  Section 924(c)(1)(A) is thus a law that "prohibits or restricts conduct **relating to** narcotic drugs."  See 21 U.S.C. § 802(44) (emphasis added).

When interpreting a statute, the first step is "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.  [The] inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent."  Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997); In re:  Sunterra Corp., 361 F.3d 257, 265 (4th Cir. 2004) (applying Plain Meaning Rule).  Whether the statute is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the

---

[1] Nelson does not dispute that his prior conviction under 18 U.S.C. § 924(c)(1) is final or that it is a felony for purposes of the enhancement.

broader context of the statute as a whole." Robinson, 519 U.S. at 341.  Only if the "literal application of the statutory language at issue results in an outcome that can truly be characterized as absurd" or "demonstrably at odds with clearly expressed congressional intent" does the Plain Meaning Rule not apply.  In re: Sunterra Corp., 361 F.3d at 265.

Although contemporaneous drug trafficking was an essential element of Nelson's previous section 924(c)(1) conviction, Nelson argues that the statute cannot constitute a "felony drug offense" because its violation is not dependent upon an actual conviction for distributing illegal narcotics.  Nelson bases his argument on United States v. Carter, 300 F.3d 415 (4th Cir. 2002), in which the Fourth Circuit held that a conviction under section 924(c)(1)(A) is sustainable on its own as long as a reasonable jury **could** have found the defendant guilty of the drug trafficking offense, even if the actual jury in the case did not render a guilty verdict. Id. at 424-25.  The jury in Carter found the defendant guilty of violating section 924(c)(1)(A), but was unable to reach a verdict on the underlying drug trafficking offense. In discussing its reasoning, the Fourth Circuit noted that the Fifth Circuit allows a conviction under section 924(c)(1)(A) even if the jury acquits the defendant of the predicate drug trafficking offense.  Id. at 425.  The Fourth Circuit, however, held that a more appropriate standard required at least some showing of the underlying charge's validity.  Id.

Nelson's argument assumes that the term "felony drug offense,"  as used in 21 U.S.C. § 802(44), requires a conviction for drug distribution.  If an actual conviction were an essential element of the definition, Congress would have said so.  It did not.

5

Congress instead broadened the reach of 21 U.S.C. § 802(44) beyond an actual conviction, and even beyond proof of distribution, to encompass the violation of "**any** law . . . that prohibits or restricts conduct **relating to** narcotic drugs" (emphasis added). According to the Fourth Circuit, a "firearm is carried 'in relation to' a drug trafficking offense if it has 'some purpose or effect with respect to the drug trafficking crime' and if its presence was not 'the result of accident or coincidence.' . . . The firearm must facilitate, or potentially facilitate, the drug trafficking offense." United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997). Nelson does not claim that he carried the firearm by mistake, and it is well recognized that carrying a gun while dealing drugs can serve the purposes of protection and/or intimidation. See id. at 654.

That section 924(c)(1)(A) also applies to crimes of violence does not negate its application to this case. Count 2 of the 1998 Indictment, to which Nelson pled guilty, charges that Nelson knowingly used and carried the firearm "in relation to a drug trafficking crime." The recitation of facts supporting Nelson's guilty plea necessarily established this essential element of the crime. See Fed. R. Crim. P. 11(b)(3); Mitchell, 104 F.3d at 652 ("Before a court may enter judgment on a plea of guilty, it must find a sufficient factual basis to support the plea."). The Fifth Circuit has held that statutes which address conduct in addition to drug trafficking can still provide the basis for a "felony drug offense" as that term is used in 21 U.S.C. § 802(44). See United States v. Curry, 404 F.3d 316, 319-20 (5th Cir. 2005) (finding state felony conviction under general prohibition statute constituted "felony drug offense" because state court Bill of Information identified marijuana as contraband possessed by defendant).

The Court's construction of 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. § 802(44) is supported by the Fifth Circuit's decision in <u>United States v. Mankins</u>, 135 F.3d 946 (5th Cir. 1998).  The <u>Mankins</u> court held that defendant's conviction under 21 U.S.C. § 843(b) constitutes a "felony drug offense" as defined by 21 U.S.C. § 802(44) even though the defendant was not convicted of drug distribution.  The court held that section 843(b), which proscribes use of a communications facility to commit or to facilitate a felony drug offense, is a statute that prohibits or restricts conduct "relating to" narcotic drugs.  <u>Mankins</u>, 135 F.3d at 949.

Nelson also argues that the entire statutory scheme is ambiguous because the firearms offense for which he previously was convicted appears in Title 18 of the United States Code ("Crimes and Criminal Procedure"), whereas the statute that imposes the ten-year mandatory minimum sentence appears in Title 21 ("Food and Drugs").  Nelson reasons that Congress would not have placed a "felony drug offense" outside of the Title that regulates illegal narcotics.  Nelson invokes the Rule of Lenity which provides that ambiguity in a criminal statute "must be resolved in favor of lenity, granting the defendant the benefit of the doubt."  <u>Thomas v. Davis</u>, 192 F.3d 445, 455 (4th Cir. 1999); <u>see</u> <u>also</u> <u>Pasquantino v. United States</u>, 125 S. Ct. 1766, 1787 (2005) (observing that "when confronted with 'two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language.'")

Nelson's claim of ambiguity rests solely on the fact that section 924(c)(1)(A) is in Title 18 rather than in Title 21.  This placement of the statute does not, by itself, lead to either of the two exceptions to the Plain Meaning Rule, <u>i.e.</u>, an absurdity or a result

demonstrably at odds with congressional intent. In re: Sunterra Corp., 361 F.3d at 265. In fact, Congress demonstrated its intent to include statutes outside of Title 21 by stating that a "felony drug offense" could arise from a conviction under "**any** law of the Unites States or of a State or foreign country . . . ." 21 U.S.C. § 802(44) (emphasis added). While Congress may not have focused principally on section 924(c)(1)(A) when establishing a ten-year mandatory minimum for a defendant's second felony drug offense, that does not negate the plain language of the statute. As Justice Scalia noted in Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79 (1998), "statutory prohibitions often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provisions of our laws rather than the principal concerns of our legislators by which we are governed." Where, as here, the statutory scheme is unambiguous after application of traditional statutory construction principles, the Rule of Lenity has no office to perform. United States v. Fitzgerald, 435 F.3d 484, 486-87 (4th Cir. 2006).

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the United States' objection to the Presentence Investigative Report (Docket No. 23) be, and the same hereby is, **SUSTAINED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED**.

                                                  _____/s/_____
                                                             Walter D. Kelley, Jr.
                                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 3, 2006